UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

——————

No. 1:26-cv-01474

——————

**Salazar-Ramirez,**
*Petitioner,*

v.

**Blanche, et al.,**
*Respondents.*

——————

## ORDER

Ramon Salazar-Ramirez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). He filed a petition for writ of habeas corpus demanding immediate release without first requiring a bond hearing, a stay of the removal hearing, an injunction from transferring him outside the Western District of Texas while the matter is pending, and an order requiring Respondents to file a complete copy of the administrative file from the Department of Justice and Homeland Security and to return Petitioner's identification documents. The petition is denied.

## BACKGROUND

Petitioner entered the United States without inspection in 1997. On or about May 24, 2026, he was detained as part of a traffic stop and then taken into custody by federal agents. Since then, Petitioner has been in custody and is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas.

On June 1, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate

1

release without first requiring a bond hearing, a stay of the removal proceedings, an injunction from transferring him outside the Western District of Texas while the matter is pending, and an order requiring Respondents to file a complete copy of the administrative file from the Department of Justice and Homeland Security and to return Petitioner's identification documents. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered and the Court now addresses the petition.

### LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the

2

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates Due Process, the Immigration and Nationality Act, the Administrate Procedure Act, the Suspension Clause, and his rights as a member of a certified "bond eligible" class. His arguments, however, fail.

Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth in Parts I–V of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321 (W.D. Tex. June 8, 2026), the Court denies the petition's request for release.

Separately, Petitioner is not entitled to a stay of the removal proceedings. "A request for stay of removal is a challenge to a removal order." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (per curiam) (citing *In re Asemani*, No. 25-1513, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (per curiam)). The Court lacks jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). This Court thus lacks jurisdiction to grant Petitioner's request for a stay. *Imran*, 2026 WL 93131, at *1 (citing *Fabuluje v. Immigr. &*

*Naturalization Agency*, 244 F.3d 133, 133 (5th Cir. 2000) (per curiam)).

Petitioner is also not entitled to an injunction from transfer outside the district. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140, at *1 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction is denied. The Court further denies the remainder of the collateral relief Petitioner requests—including the request for the production of an administrative record—because it is independent of the issue of the legality of his custody. *Pierre*, 525 F.2d at 935 ("[H]abeas is not available to review questions unrelated to the cause of detention.").

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on June 26, 2026.*

ANDREW DAVIS
United States District Judge

4